UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 96); PLAINTIFF'S MOTION TO COMPEL DEFENDANT NO. 2 TO FILE WHOLE AND COMPLETE ADMINISTRATIVE RECORD (DKT. 103); PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. 106); PLAINTIFF'S MOTION TO PROTECT PLAINTIFF'S ENTITLEMENT OF EQUALITY BEFORE THE LAW (DKT. 108); PLAINTIFF'S REQUEST SEEKING PROTECTION FROM DEFENDANT NO.2'S THREATS (DKT. 110); FEDERAL DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. 112); DEFENDANT ADVENT GLOBAL SOLUTIONS, INC.'S MOTION TO AFFIRM THE ADMINISTRATIVE REVIEW BOARD'S DECISION AND TO DISMISS THE CASE IN ITS ENTIRETY (DKT. 113).**

I.   <u>Introduction</u>

On July 24, 2021, Naveen K. Vudhamari ("Plaintiff"), a self-represented litigant, filed this action against Advent Global Solutions, Inc. ("Advent") and the United States Department of Labor Administrative Review Board ("ARB") (collectively, "Defendants"). Dkt. 1 (the "Complaint"). The allegations in the Complaint arise from administrative proceedings within the United States Department of Labor's Wage and Hour Division ("WHD"), subsequent proceedings before an Administrative Law Judge ("ALJ"), and further proceedings on appeal before the ARB (collectively, the "Administrative Proceedings"). Plaintiff's claims against Defendants arise under the Immigration and Nationality Act ("INA") (8 U.S.C. § 1182(n)) and the Administrative Procedure Act (5 U.S.C. § 702).

On October 29, 2021, Advent filed a motion to dismiss the Complaint. Dkt. 30 (the "First MTD"). On May 13, 2022, the ARB filed an answer to the Complaint. Dkt. 72. On August 1, 2022, Defendant ARB filed the certified administrative record (the "CAR"). Dkt. 100.

On August 31, 2022, the Court issued an order denying the First MTD. Dkt. 102 (the "August 31 Order"). The August 31 Order also determined that the scope of review in this matter is limited to the ARB's final decision and that the standards applied to Plaintiff's claims are those set forth in 5 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

706. *Id.* at 9–10.[1] The Court also set a hearing on the administrative record and directed the parties to submit briefs regarding whether the ARB's decision should be affirmed. *Id.* at 10. On September 16, 2022, Advent filed an answer to the Complaint. Dkt. 116.

On September 2, 2022, Plaintiff filed a "Motion to Compel Defendant No. 2 to File Whole and Complete Administrative Record," in which he alleged that the CAR was incomplete. Dkt. 103 (the "Motion to Compel"). On September 16, 2022, ARB filed an opposition to the Motion to Compel. Dkt. 117 (the "Opposition to Motion to Compel").[2]

On September 9, 2022, Plaintiff filed a "Motion to Protect Plaintiff's Entitlement of Equality Before the Law," seeking certain injunctive relief. Dkt. 108 ("Motion to Protect Equality"). On September 10, 2022, Plaintiff filed a "Request Seeking Protection from Defendant No.2's Threats," seeking injunctive relief and sanctions against Advent. Dkt. 110 ("Request for Protection"). On September 20, 2022, ARB filed an opposition to the Motion to Protect Equality. Dkt. 118 ("Opposition to Motion to Protect Equality"). On October 7, 2022, Plaintiff filed a reply. Dkt. 120 ("Reply to Motion to Protect Equality"). On January 31, 2023, Plaintiff's Motion to Protect Equality and Request for Protection were taken under submission. Dkt. 153.

On September 12, 2022, Plaintiff filed an opening brief for the hearing on the administrative record, in which he also provided arguments in support of his pending motions. Dkt. 114 ("Plaintiff's Opening Brief"). ARB filed its opening brief in the form of a motion for summary judgment. Dkt. 112 (the "MSJ"). Advent filed its brief in the form of a motion to dismiss. Dkt. 113 (the "Renewed MTD"). On October 13, 2022, Plaintiff filed a combined opposition to both the MSJ and the MTD. Dkt. 122 ("Plaintiff's Opposition"). The same day, ARB filed a reply to Plaintiff's Opposition. Dkt. 124. ("ARB's Reply").

On October 31, 2022, ARB filed a supplement to the certified administrative record (the "Supplemental CAR"). Dkt. 127. The Court granted Plaintiff leave to file a supplemental brief regarding information in the Supplemental CAR. Dkt. 130. On November 7, 2022, Plaintiff filed the supplemental brief, which alleged that the entire administrative record still had not been filed. Dkt. 132 (the "Supplemental Brief"). On November 8, 2022, the ARB filed a declaration of Thomas O. Shepherd, Jr. ("Shepherd"), the Clerk of the Appellate Boards of the United States' Department of Labor's Administrative Review Board, explaining the Supplemental CAR. Dkt. 134 (the "First Shepherd Declaration"). Plaintiff's request for a further continuance of the administrative review hearing was denied. Dkt. 139.

Plaintiff did not appear at the November 21, 2022 administrative review hearing. Dkt. 143. It was continued to November 28, 2022. *Id.* Plaintiff also did not appear on November 28, 2022. Dkt. 152. A hearing was held, during which Defendants were asked to clarify certain facts related to Plaintiff's

---

[1] On July 12, 2022, Plaintiff filed a "Motion for Reconsideration" of the Court's tentative view on this issue, which was stated at a June 6, 2022 status conference. Dkt. 96 (the "First Motion for Reconsideration"); Dkt. 88. On August 1, 2022, ARB filed an opposition to the Motion for Reconsideration. Dkt. 99 (the "Opposition to First Motion for Reconsideration"). On September 9, 2022, after the August 31 Order was issued, which was consistent with the tentative view, Plaintiff filed an additional "Motion for Reconsideration." Dkt. 106 (the "Second Motion for Reconsideration"). On September 23, 2022, ARB filed an opposition to the Second Motion for Reconsideration. Dkt. 119 (the "Opposition to Second Motion for Reconsideration").

[2] On October 18, 2022, the First and Second Motions for Reconsideration and the Motion to Compel were taken under submission. Dkt. 125.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

employment and to verify, through a declaration, whether the complete administrative record had been filed. *Id.* Plaintiff was provided an opportunity to respond to any filings within two weeks. *Id.*

On December 5, 2022, Defendants filed a joint report in support of the MSJ and Renewed MTD responding to the inquiries made in the prior hearing. Dkts. 148, 149, 151. The joint report included a second declaration of Shepherd as to his belief that the CAR and Supplemental CAR constituted the entire certified administrative record. Dkt. 151-1 (the "Second Shepherd Declaration"). Plaintiff did not file any response.

Based on a review of the materials submitted, it has been determined that no additional hearing or briefing is necessary as to the MSJ or Renewed MTD. Therefore, the matters have been taken under submission. For the reasons stated in this Order, the following rulings are made:

- Plaintiff's First and Second Motions for Reconsideration (Dkts. 96, 106) are **DENIED;**
- Plaintiff's Motion to Compel (Dkt. 103) is **DENIED;**
- Plaintiff's Motion to Protect Equality (Dkt. 108) is **DENIED**;
- Plaintiff's Request for Protection (Dkt. 110) is **DENIED;**
- The ARB's final determination to dismiss Plaintiff's claims against Advent is **AFFIRMED**. Accordingly, ARB's Motion for Summary Judgment (Dkt. 112) is **GRANTED**. Advent's renewed Motion to Dismiss (Dkt. 113) is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**.

## II.  <u>Factual Background</u>

### A.  Events Giving Rise to the Administrative Proceedings

Advent is a company headquartered in Houston, Texas. Dkt. 1 at 9; Dkt. 100-23 at 8. Plaintiff alleges that he was employed as a "Systems Analyst" by Advent from approximately August 10, 2015, to approximately March 15, 2017, in California. Dkt. 1 at 5, 8, 11; Dkt. 100-23 at 8, 10. Plaintiff is not a United States citizen and, during at least a portion of his employment with Advent, worked pursuant to an H-1B visa. Dkt. 1 at 8; Dkt. 100-23 at 8; Dkt. 100-8 at 1; Dkt. 100-20 at 2.

On or about August 13, 2015, Advent applied for an H-1B Change of Employer Petition with USCIS to extend Plaintiff's H-1B visa from his prior employment (the "H-1B Petition"). Dkt. 100-23 at 2. The H-1B Petition included a Labor Condition Application ("LCA") that stated Advent was required to pay Plaintiff a salary of $60,500 per year. *Id.*; Dkt.100-34 at 1. At the time the petition was filed, this amount was classified as a "Wage Level I" salary. Dkt.100-23 at 10. USCIS denied the H-1B Petition on October 1, 2015. *Id.* at 2. Advent re-filed the H-1B Petition on or about November 9, 2015, and it was denied again on December 18, 2015. *Id.* at 3. Advent refiled the H-1B Petition a third and final time on or about January 7, 2016. *Id.* On April 7, 2016, USCIS denied the third Petition. *Id.*; Dkt. 100-25 at 19–20.

Advent claims that the final denial letter, denied the Petition on the basis that the first H1-B Petition expired on October 1, 2015, and Plaintiff's previous employer's petition was revoked on September 30, 2015. Dkt. 100-23 at 3; Dkt. 127-3 at 98. Therefore, Advent contends that after September 30, 2015, Plaintiff lacked lawful immigration status. *Id.* Plaintiff alleges that he departed the United States in March 2017. Dkt. 100-34 at 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

B.     Allegations in the Complaint

1.     Allegations Against Advent

The Complaint alleges that Advent engaged in several unlawful labor practices, including: (i) Defendant did not pay Plaintiff proper wages during certain times between August 10, 2015 and March 15, 2017; (ii) Defendant did not properly terminate Plaintiff; (iii) Defendant denied Plaintiff's request for health insurance; (iv) Defendant threatened Plaintiff, including that it would "send [Plaintiff] back to India"; (v) Defendant retaliated against Plaintiff and discriminated against him based on his nationality; (vi) Defendant did not pay for Plaintiff's return airfare; (vii) Defendant did not "share a copy of the LCA" with Plaintiff; and (viii) Defendant submitted fraudulent documents to "USCIS" and the Department of Labor. Dkt. 1 at 9, 11.

Based on those alleged violations, Plaintiff seeks an award of $160,950 in wages, "plus applicable interest as per law plus applicable compensation for the injustice done to the [P]laintiff." *Id.* at 6. In total, Plaintiff seeks an award of $300,000 from Defendant. *Id.*

2.     Allegations Against the ARB

The Complaint alleges that the Department of Labor Wage and Hour Division ("WHD"), Office of Administrative Law Judges ("OALJ") and ARB committed legal errors throughout the administrative proceedings. *Id.* at 1–2. The Complaint alleges that the agencies erred by "not conducting hearings," "ignoring the contents of Plaintiff's filings," "issuing orders without serving notices," issuing orders "without considering evidence and ruling based on prejudice," and "rendering willful procedural errors without adhering to the rule of law." *Id.* Specifically, it is alleged that ARB erred as follows: (i) failed to resolve pending motions prior to issuing its April 26, 2021 Order, (ii) granted judgment without a mandatory discovery process and hearing and (iii) failed to find certain facts "even though legally sufficient evidence was filed" by Plaintiff. *Id.* at 2. It is also alleged that ARB erred by not considering Plaintiff's "appeals in their entirety, ignoring the contents of the appeal there by [sic] causing an adverse order not in the interest of justice." *Id.*

The Complaint also includes an alleged timeline of Plaintiff's administrative proceedings, which adds allegations of wrongdoing by WHD, OALJ and ARB. *Id.* at 3–5. *First*, it is alleged that the WHD erred as follows: (i) delayed in initiating the investigation; (ii) transferred the proceeding to Texas when the place of work was California; (iii) used an investigator who was not impartial as to the investigation of the complaint; (iv) ignored the contents of Plaintiff's complaint and "did its own partial investigation"; (v) did not acknowledge submissions by Plaintiff; and (vi) willfully delayed the investigation. *Id.* at 3; *see also id.* at 11–12.

*Second*, it is alleged that the ALJ erred as follows: (i) did not compel Defendant to comply with discovery; (ii) ignored discovery requests by Plaintiff to Defendant; (iii) conducted a hearing with the WHD without providing notice to Plaintiff; (iv) did not acknowledge Plaintiff's filings; and (v) did not determine facts or apply the law to facts. *Id.* at 3–6. It is then alleged that, following remand from the Administrative Review Board, the ALJ committed the following additional errors (vi) continued to repeat procedural errors and "demonstrated inequality towards the Plaintiff in the proceedings"; (vii) did not compel evidence from Defendant; and (viii) "issued orders as written with prejudice." *Id.* at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

*Third*, Plaintiff alleges that, during the first appeal, the ARB erred as follows: (i) concluded its review "without 1 page of filing from [Defendant]"; (ii) failed to review all the contents in Plaintiff's complaint; (iii) failed to conduct a de novo review of the ALJ's decision; and (iv) did not compel Defendant to participate in the proceedings. *Id.* at 4. It is alleged that during Plaintiff's second appeal, the ARB erred as follows: (v) "failed to respond to the Plaintiff[']s motions for request for extraordinary actions"; (vi) failed to read the appeal; (vii) failed to compel Defendant to participate; and (viii) issued its order "with prejudice." *Id.* at 5.

C.    Summary of the Administrative Record

The question presented by the present motions is whether to affirm or reverse the ARB's decision to dismiss Plaintiff's administrative complaint against his employer, Advent. The grounds stated as the basis for the dismissal are Plaintiff's failure to obey administrative court orders and to provide evidence in support of his claims during the summary decision phase of the administrative proceedings. "While formal findings [of fact] are not required [of the reviewing district court,] the record must be sufficient to support the agency action, show that the agency has considered the relevant factors, and enable the court to review the agency's decision." *Beno v. Shalala*, 30 F.3d 1057, 1077 (9th Cir. 1994). Thus, to determine if the agency's final determination was reasonable, a thorough and searching review of the administrative record is required.

1.    The WHD Investigation and Settlement

On or about May 12, 2016, Plaintiff filed a complaint with the Department of Labor alleging various wage and labor violations. Dkt. 100-1 at 7–9. On June 19, 2018, following an investigation, WHD found Advent in violation of 8 U.S.C. § 1182(n) as follows: (1) failure to pay wages as required for "productive work"; (2) substantial failure to provide notice of filing the required LCA for Plaintiff's employment because Advent failed to post notice of the LCA filing for ten days in two "conspicuous locations at each place of employment where any H-1B nonimmigrant will be employed"; and (3) failure to accurately specify on the LCA the wage rate and conditions under which the H-1B nonimmigrant will be employed. Dkt. 100-1 (the "Determination Letter") at 1, 5. For these violations, the WHD assessed a civil penalty against Advent in the amount of $16,625, and determined that Advent owed back wages to Plaintiff in the amount of $2463.97. *Id.* at 5. In addition, the WHD placed a one-year moratorium on Advent's ability to apply to employ nonimmigrant foreign employees. *Id.* The letter also provided the procedures to be followed to request a hearing on this determination. *Id.*

On June 27, 2018, Plaintiff appealed the Determination Letter to the Chief Administrative Law Judge ("OALJ"). Dkt. 100-2. This appeal is discussed in Section II.C.2, *infra*. On July 2, 2018, Advent sent a letter to the WHD requesting that it review and reverse its decision in the Determination Letter. Dkt. 100-3. Specifically, Advent argued that the one-year moratorium on their ability to file H-1B petitions for nonimmigrant employees would "substantially affect the livelihood" of their many employees who benefit from that status. *Id.* at 1–2.

Following Advent's request for review, settlement negotiations between WHD and Advent began. On or about August 13, 2018, Advent and WHD reached an agreement that, in exchange for Advent's agreement to accept and pay the $16,625.00 civil penalty that had been assessed, WHD would not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

pursue the one-year moratorium on Advent's ability to file nonimmigrant employee petitions. Dkt. 100-7 (the "Notice of Settlement"); Dkt. 100-8 (the "Consent Findings") at 4. The Notice of Settlement also stated that, because Plaintiff had "filed an exception" to WHD's Determination Letter, WHD "decline[d] to seek back wages on behalf of [Plaintiff]." Dkt. 100-7 at 4. It appears WHD was waiting to require Advent to pay Plaintiff any back wages until the issue of how much Plaintiff should be paid was formally resolved. Dkt. 100-8 at 1.[3]

On October 25, 2018, ALJ Tracy A. Daly ("ALJ Daly") approved the Consent Findings and the settlement reached between Advent and WHD. Dkt. 100-13.

      2.      The ALJ Proceedings

            a)      Appeal by Plaintiff

On June 27, 2018, Plaintiff sent a letter titled "Appeal – Determination Letter" to the OALJ challenging WHD's Determination Letter on several grounds. Dkt. 100-2. Plaintiff asserted that WHD improperly calculated the back wages owed, i.e., that he was owed more than the $2463.97 WHD awarded to him, and that WHD failed to specify the amount Advent owed him for its failure accurately to specify the wage rate and conditions on the LCA filing.[4] Dkt. 100-2 at 1. Plaintiff also argued that the Determination Letter failed to address and respond to the following allegations Plaintiff had raised in his WHD Complaint: (1) Plaintiff's wage salary should have been at a "Level IV," instead of the Level I Advent classified him at; (2) Advent's "misrepresentation" or failure to provide certain information on the LCA was the cause for his visa denial; (3) Advent fraudulently submitted and "willfull[y] misrepresent[ed]" information and documents to the Department of Labor and USCIS, which damaged his chances at securing a visa; and (4) Plaintiff was owed additional money for the "delay in investigation" and for his wages not being paid on time. *Id.*

On July 19, 2018, Plaintiff's appeal was assigned to ALJ Daly. Dkt. 100-4. A hearing was then scheduled for August 30, 2018, in Houston, Texas, to determine Advent's compliance with the INA's requirements for hiring an H-1B nonimmigrant worker. *Id.* at 1. The parties were provided a "prehearing order" that stated all the rules, policies and procedures for the hearing, the pleadings, the responses and any correspondence in preparation for the hearing. *Id.* at 2–6. On that same day, ALJ Daly sent a letter to Plaintiff in which he noted that Plaintiff would be representing himself, explained what it meant to proceed "pro se" and provided a form to Plaintiff that he was required to complete if he elected to continue to proceed "pro se." Dkt. 100-5 at 1–2.[5]

On July 26, 2018, Plaintiff sent two letters to ALJ Daly in which he requested that the hearing date be postponed due to personal reasons, that he be allowed to submit and receive documents with respect to the process by email due to the amount of time that it took to receive documents mailed to or from

---

[3] WHD's determination became inoperative when Plaintiff filed his exception to the letter of determination. *See* 20 C.F.R. § 655.820(a).

[4] For the violation of failing "accurately [to] specify the wage rate and condition" on the LCA filing, WHD did not assess a civil penalty. Instead, it ordered Advent to comply with this regulation in the future. *See* Dkt. 100-1 at 5.

[5] The record does not include a copy of the form signed by Plaintiff. Apparently, he did not do so. *See* Dkt. 100-18 at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

India[6] and that he be permitted to attend the hearing by teleconference in light of his immigration status. Dkt. 100-6 at 1, 3. Advent agreed to the postponement. Dkt. 100-9 at 1. In response, ALJ Daly reset the hearing for December 12, 2018, and advised Plaintiff that could attend telephonically. Dkt. 100-10 at 1.

After Plaintiff appeared to be confused about his self-representation, the administrative court process[7] and ALJ Daly's chambers' numerous attempts to schedule a prehearing conference with him,[8] one was scheduled for, and held on December 4, 2018. Dkt. 100-19. Following the conference, the formal "merits" hearing was continued to June 11, 2019. *Id*. at 1. Plaintiff was also directed to file a "Formal Complaint asserting the specific grounds upon which his claim is based, the specific violations he alleges that [Advent] committed, and the specific nature of the relief he seeks in this matter" by January 14, 2019. *Id*. Advent was directed to file a response no later than January 28, 2019. *Id*. Another prehearing conference was tentatively scheduled for April 26, 2019. *Id*.

Plaintiff's "formal complaint," which was dated December 17, 2018, was received by the ALJ on January 3, 2019. Dkt. 100-20 (the "Revised Complaint"). The Revised Complaint includes the following allegations: (i) Advent failed to pay him for several time periods; (ii) Plaintiff was paid at an improper "wage level;" (iii) Plaintiff was improperly terminated by Advent; (iv) Plaintiff was asked by Advent to pay visa application fees; (v) Plaintiff was denied health insurance and told to "go back to India for baby delivery;" (vi) Advent threatened Plaintiff because of his nationality; (vii) Advent failed to reimburse him for his return flight to India; (viii) Advent failed to share a copy of the LCA with him; and (ix) Advent "willfully" submitted fraudulent documents to USCIS without his knowledge so that he would lose his immigration status. *Id*. The Revised Complaint also included allegations about the conduct of WHD, including: (i) WHD failed timely to process his initial WHD Complaint and conduct an investigation; (ii) WHD did so "willfully" to cause "further damage" to him; and (iii) their investigation failed to "determine" various things, including whether Advent retaliated against Plaintiff and failed to pay him the proper

---

[6] Plaintiff was instructed that this request was against "[t]he rules" and that the ALJ could only email "courtesy copies" of orders issued by the Judge and that the "rules [did] not permit [Plaintiff] to receive or file any formal filings in this case [via email]." Dkt. 100-14 at 1.

[7] On November 7, 2018, Plaintiff sent a letter to ALJ Daly, which included the following statements: (1) he believed WHD would be "representing [him] in this case, in the pre-hearing and hearings" and that had not received communication from them; (2) he renewed the issue of receiving email confirmations from the ALJ instead of paper mail; and (3) a request that the Attorney Advisor officially "sign" emails he sent so Plaintiff knew that the Attorney Advisor was authorized to communicate on behalf of ALJ Daly. Dkt. 100-15 at 1. WHD responded to Plaintiff the next day, and stated that, after Plaintiff expressed his dissatisfaction with WHD's findings in the original letter of determination, Plaintiff would be representing himself before the ALJ and could raise issues with ALJ Daly, including those stated in the letter. Dkt. 100-16. The letter also notified Plaintiff that the WHD would not assist him in his appeal, that an approved settlement agreement was reached between WHD and Advent, and that, to the extent that Plaintiff felt that the ALJ improperly served him with orders and communications, he should present the issues to the ALJ, not WHD. *Id*. Further, ALJ Daly also contacted Plaintiff reminding him that he was representing himself, and that WHD would not be representing him. Dkt. 100-18 at 2. ALJ Daly re-sent Plaintiff the "pro se" form and requested that he sign it and then return a copy to his office within ten days. *Id*. Finally, ALJ Daly reminded Plaintiff, as the Attorney Advisor had previously done, that formal filings could not be accepted by email, that courtesy copies would be provided via email, but formal copies would still be mailed, that the ALJ will not "notify" him when it has received Plaintiff's filings but that he is free to call and confirm receipt, and that the Attorney Advisor has the authority to communicate on behalf of ALJ Daly. *Id*.

[8] *See* Dkt. 100-11 at 1; 100-14 at 1, 3; 100-12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

prevailing wage. *Id.* at 1–2.[9]

> b) Advent's Motion to Dismiss

On January 24, 2019, Advent submitted a reply to the Revised Complaint in which it denied all the allegations made against it and provided its version of Plaintiff's employment history.[10] Dkt. 100-23. The Response further requested that the case be dismissed because Advent paid Plaintiff his full wages as set forth in the LCA and had no obligation to properly terminate him. *Id.* at 2–3.

On February 28, 2019, ALJ Daly informed Advent that its request to dismiss the case was "insufficient" and would not be considered until a formal, separately filed "motion to dismiss" or "motion for summary decision" was filed. Dkt. 100-24 at 1–2. ALJ Daly also pointed Advent to the proper procedural rules governing such motions. *Id.*

On March 13, 2019, Advent filed a formal motion to dismiss the case for failure to state a claim upon which relief can be granted. Dkt. 100-25. The motion appears to assert that Advent paid Plaintiff at the rate of $60,500 provided for in the LCA throughout the entire period of petitioning the USCIS to maintain Plaintiff's H-1B status. *See id.* at 3 ("Advent would also like to point out that during the process Advent was paying the salary as per the LCA which was filed with these three Petitions."). Presumably, this period began around August 2015, when Advent filed its first H1-B Petition, and ended around April 7, 2016, when the USCIS denied the third and final H1-B Petition. *See id.* at 2–3; Dkt. 127-3 at 98.[11]

---

[9] Plaintiff also sent a letter, dated December 17, 2018, to ALJ Daly requesting a transcript of the December 4 prehearing conference, taking issue that it was not "placed on the record," and providing ALJ Daly with his version of "notes" from the hearing. Dkt. 100-20 at 6. On January 10, 2019, ALJ Daly acknowledged receipt of this letter and advised Plaintiff that only "formal" hearings were done on the record, and that a prehearing conference was a scheduling and procedural matter that did not affect the substance of the legal rights of the parties. Dkt. 100-22 at 1. ALJ Daly also replied to what he deemed "inaccurate" and "out of context" notes written by Plaintiff, including advising Plaintiff that the discovery process had already begun, and that Plaintiff should be providing such material to opposing counsel. ALJ Daly also stated that Plaintiff had the absolute right to a formal hearing but that ALJ's mediation program could save him time and litigation costs if it resulted in a settlement. *Id.* at 2–3.

[10] Advent asserted that, on or about August 13, 2015, it first filed an H-1B Change of Employer Petition on Plaintiff's behalf, which included an LCA that set forth information related to Plaintiff's employment, including his pay rate and work location. Dkt. 100-23 at 2. Due to the nature of the petition, Advent also stated that Plaintiff could begin work upon USCIS's receipt of the application. *Id.* Advent began paying Plaintiff for his work at the salary rate provided on the LCA ($60,500/annually). *Id.*; *see, e.g.*, Dkt. 100-27 at 38–42. However, USICS denied the petition because of lack of paystubs from Plaintiff's previous employer. Dkt. 100-23 at 2. Advent requested leave to reopen and re-file the petition; it then did so. *Id.* at 2–3. USCIS denied the petition a second time. *Id.* at 3. Advent re-filed Plaintiff's petition for a third time, at Plaintiff's request, and responded to several requests for evidence from USCIS. *Id.* USCIS then denied the petition a third time. There it stated that Plaintiff's H1B petition had already expired and his previous employer petition had been revoked on September 30, 2015. Consequently, Plaintiff had not been in lawful status since that time. *Id.* When this information was provided, Plaintiff was required to depart to India on a date after April 7, 2016, when the petition and denial process ended. *Id.* It is unclear when Plaintiff actually left the United States. Plaintiff stated he left during March 2017. Dkt. 100-27 at 2.

[11] The final date of Vudhamari's employment is not stated in the record. Vudhamari attached to his Opening Brief a letter of termination from Advent stating his termination was effective April 20, 2015, which Defendants do not dispute. Dkt. 114-26 at 29; Dkt. 148 at 3. However, in his WHD complaint, Plaintiff requests wages that would have been paid through March 15, 2017. Dkt. 1 at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

According to Advent, during the investigation, WHD "requested a prevailing wage determination for the position of Systems Analyst held by Mr. Vudhamari at Advent," which was a "Wage Level I," under the LCA. Dkt. 100-25 at 7, 11. However, "[t]here was a new prevailing wage determination on April 7, 2017 placing the position at a level III." Dkt. 100-25 at 3–4. The statement in support of the motion states that "Advent believes that the $2463.97 owed in back wages determined by the Department of Labor relies on the new prevailing wages issued in 2017." *Id.* at 4.

The statements in support of the motion also include that Advent had no obligation to terminate Plaintiff formally, or pay him at the Level III rate after September 30, 2015, notwithstanding that Plaintiff continued to work for Advent through at least April 2016, or as Plaintiff alleges, through March 2017:

> On or about April 07, 2016 USCIS denied the [third] petition based on the reason that Mr. Vudhamari['s] H1-B petition expired on October 1, 2015 and his previous employer petition WAC1417951277 was revoked on September 30, 2015. After September 30, 2015 Mr. Vudhamari was no longer in lawful status. This decision left Mr. Vudhamari without lawful immigration status and therefore he had to depart the United States.

> Given the above, Advent was not under [an] obligation to terminate Mr. Vudhamari, as there ha[s] never been an H-1B petition approved for him. As per 8 USC § 1184 (n) if the new petition is denied, authorization for employment shall cease. Advent would also like to point out that during the process Advent was paying the salary as per the LCA which was filed with these three Petitions.

> . . . .

> In issuing the back wages, the Department of Labor's time frame is August 10, 2015 to September 30, 2015. Counsel believes that the Department of Labor's determination is based on the fact that on October 1, 2015 the petition was denied leaving Mr. Vudhamari without a lawful status. In good faith, Advent continued to file two more H-1B petitions with a misunderstanding of the law because he no longer had lawful status in the United States thereby rendering both petitions moot.

*Id.* at 3–4.

c)      Plaintiff's Reply

On March 19, 2019, ALJ Daly ordered Plaintiff to file a reply to Advent's motion to dismiss by April 8, 2019, and instructed him that failure to do so by the deadline would result in the granting of the motion to dismiss. Dkt. 100-26 at 1.

The ALJ received Plaintiff's reply, which was dated April 2, 2019, on April 25, 2019. Dkt. 100-27 (the "Reply") at 1. The Reply mirrors the allegations in the Revised Complaint. Plaintiff argues that Advent filed for his H-1B visa employer transfer in July 2015, not August 2015 as claimed by Advent. *Id.* Plaintiff also contends that the LCA, which states that his annual salary is $60,500, is inaccurate. *Id.* Plaintiff also asserts that Advent did not provide him a copy of the LCA, which would have allowed him to seek to correct or amend the information provided on the form. *Id.* Plaintiff argues that Advent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

misrepresented information to USCIS, including the description of his job duties and where he worked, and that both affected the calculation of the pay scale that applied.[12]  Plaintiff also alleges that Advent did not provide notice of the denial of certain applications by USCIS, including that he would be required to return to India; failed to inform Plaintiff of USCIS's "requests for evidence"; continued to submit "false information" to USCIS; and denied him health insurance around the time Plaintiff was expecting a child. *Id*. at 2–3.

> d)     The ALJ Decision

On April 5, 2019, ALJ Daly issued an order reminding the parties of the June 11, 2019 merits hearing and of the address where the hearing would take place. Dkt. 100-28 at 1.

On April 12, 2019, Plaintiff sent a request for ALJ Daly to issue subpoenas for certain information. Dkt. 100-29. On May 2, 2019, ALJ Daly informed Plaintiff that his request was not made in the proper form and directed Plaintiff to the location on the website of the Department of Labor where the forms to make such a request were available. Dkt. 100-31. There is no evidence in the record that Plaintiff ever utilized those forms to refile his request.

On May 2, 2019, Plaintiff requested that ALJ Daly be removed because Plaintiff believed that he was "partial to [Advent]." Dkt. 100-32. The Chief ALJ denied Plaintiff's request and provided him with a detailed letter stating the reasons for denying it. Dkt. 100-35.

On May 17, 2019, ALJ Daly denied Advent's motion to dismiss. He concluded that Plaintiff had stated a claim that Advent underpaid him, upon which relief could be granted. However, ALJ Daly also converted the motion to dismiss into a motion for summary decision and granted summary decision in favor of Advent with respect to certain of Plaintiff's claims. Dkt. 100-34 (the "May 17, 2019 Order") at 10.

ALJ Daly held that, although Plaintiff was entitled to, and Advent was willing to pay, back wages, Plaintiff's claims that WHD improperly calculated what was owed were not supported by any evidence. *Id*. at 7. ALJ Daly stated that the WHD determined Plaintiff's prevailing wage by consulting the appropriate wage for Plaintiff's position issued by the Employment and Training Administration's ("ETA's) National Prevailing Wage Center ("NPWC"). *Id*. at 2. After determining that Plaintiff's wage level was Wage Level 3, rather than Wage Level 1, WHD assessed back wages based on this finding. *Id*. Plaintiff failed to provide any evidence to establish a genuine dispute of material fact that this

---

[12]  Plaintiff asserts that he worked for HEAT Software in Milpitas, CA (one of Advent's clients) and did work for ADP in Irvine, CA. Dkt. 100-27 at 2. Plaintiff attached as exhibits to the Reply emails that he claims demonstrate that Advent was aware of where he worked. Dkt. 100-27 at 10–14, 24–26. Plaintiff also attached an exhibit that appears to reflect a communication between Advent and USCIS, that states that Plaintiff worked at Advent's headquarters in Houston, Texas, and argues that Advent knew that Plaintiff was working in California *Id*. at 16. Plaintiff also included exhibits regarding his "wage level" based upon his respective locations at HEAT Software and ADP, and claims that each entitled him to a different wage level determination. *Id*. at 18, 22. Even accepting Plaintiff's position, this does not appear to be a "misrepresentation" to USCIS by, or on behalf of Advent. It provided to USCIS Form I-129 that reflects Plaintiff's employment location as California, not Texas, and a corrected description of Plaintiff's employment location as California following one of USCIS's "request for evidence." *Id*. at 34–36, 42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|----------|---------------------------|------|---------------|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

conclusion was incorrect. *Id*. at 7. For these reasons, ALJ Daly affirmed WHD's determination that Plaintiff was owed $2463.97 in back wages, plus interest. *Id*. at 7, 9.

With respect to Plaintiff's health insurance claim, ALJ Daly held that he failed to provide evidentiary support that Advent did not offer him health insurance on the same basis and terms to which it was offered to workers who were United States citizens. *Id*. at 7.

With respect to Plaintiff's claim that Advent failed to make publicly available the LCA it submitted to USCIS on behalf of Plaintiff, ALJ Daly found that WHD's investigation did not find that Advent committed this violation, nor was there independent evidence of that. *Id*. at 8. ALJ Daly also stated that, even if Advent violated this requirement, Plaintiff would not be entitled to relief or monetary damages. Rather, such a violation would instead result in the imposition of civil penalties payable to the United States Department of Labor pursuant to 8 U.S.C. 182(n)(2)(C). *Id*.

ALJ Daly also found insufficient evidence that Advent threatened, intimidated or otherwise discriminated against Plaintiff because of his nationality. *Id*. ALJ Daly added that the Equal Employment Opportunity Commission ("EEOC") was the proper forum to present those claims. *Id*. n.9.

With respect to Plaintiff's claims that Advent failed to reimburse Plaintiff for the cost of his transportation for his return to India, ALJ Daly found that, although in certain circumstances an employer would be required to reimburse its H-1B employees for such travel expenses, this was not one of them. *Id*. at 8–9. Because the record reflected that Advent did not terminate Plaintiff prior to his authorized admission into the United States, it was not required to reimburse Plaintiff for his travel costs for his return to India. *Id*. at 9.

Finally, ALJ Daly held that punitive damages were not available in H-1B visa/LCA cases. *Id*.

3.    The ARB Proceedings

On June 15, 2019, Plaintiff appealed the May 17, 2019 Order to the ARB. Dkt. 100-39; Dkt. 127-1; Dkt. 127-2. On July 30, 2020, the ARB affirmed the ALJ's denial of the motion to dismiss (i.e., the payment of back wages) and reversed the summary decision with respect to Plaintiff's other claims, and remanded them. The ARB held that the ALJ failed properly to inform Plaintiff, a *pro se* party, that the motion would be converted to a motion for summary decision. Dkt. 100-54.

4.    The ALJ Proceedings on Remand

On December 17, 2020, ALJ Daly issued a notice of the requirements for opposing motions for summary decision and provided Plaintiff with 30 days to file a response to Advent's motion for summary decision. Dkt. 100-56.[13]

---

[13]  On December 17, 2020, a letter was sent to Vudhamari informing him that, due to OALJ's new electronic service process, Vudhamari was inadvertently not served when the order was issued on October 6, 2020. Dkt. 127-11; Dkt. 127-6. Therefore, the operative date of the notice is December 17, 2020, when it was served to him by this letter. The December 17, 2020 letter also informed Vudhamari that, due to the new electronic filing system, he would now be permitted to make electronic filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

Plaintiff filed six motions. ALJ Daly consolidated them and deferred rulings until resolution of the dispositive motion, which was the subject of the appeal and remand. *See* Dkt. 100-59; Dkt. 127-9; Dkt. 127-13; Dkt. 127-14; Dkt. 127-15. On December 29, 2020, Plaintiff filed a motion opposing ALJ Daly's decision to defer decisions on these non-substantive motions in which he argued that the decision was not in conformance with the ARB's instructions on remand. Dkt. 100-60. On January 4, 2021, Plaintiff sent another letter to the OALJ requesting ALJ Daly be disqualified. Dkt. 100-62. On January 6, 2021, the Chief ALJ responded to Plaintiff's letter denying his request and providing him a reminder to file his response to Advent's motion for summary decision. Dkt. 100-63. On January 11, 2021, Plaintiff sent another letter "appealing" ALJ Daly's decision to defer a decision on the non-substantive motions. Dkt. 100-64. On the same day, he sent a letter to the Chief ALJ expressing dissatisfaction with the decision not to disqualify ALJ Daly. Dkt. 127-17. On January 25, 2021, Plaintiff sent another letter urging ALJ Daly to rule on the non-substantive motions. Dkt. 127-18.

Plaintiff failed to respond to Advent's motion for summary decision within the required 30-day period. On January 29, 2021, ALJ Daly ratified, reaffirmed and adopted his May 17, 2019 Order because the Plaintiff had provided no additional argument or evidence beyond that previously submitted and considered. Dkt. 100-66 (the "January 29, 2021 Order"). ALJ Daly also denied and dismissed all of Plaintiff's claims with prejudice, including his motion to replace the ALJ. *Id.*

 5.  Plaintiff's Second Appeal to ARB

On February 24 and 25, 2021, Plaintiff appealed the ALJ's January 29, 2021 Order. Dkts. 100-67; 100-68. On March 2, 2021, the ARB notified the parties of its intent to review whether the ALJ erred in granting the motion for summary decision, whether the ALJ erred in denying Plaintiff's motion to replace ALJ Daly, and whether the ALJ erred in awarding Plaintiff $2463.97 in back wages. Dkt. 100-69 at 1. The ARB set March 30, 2021, as the deadline for Plaintiff to file supporting legal briefs and points and authorities. *Id.* at 3. Plaintiff failed to file a brief by the deadline. Dkt. 100-73 at 2.

On April 26, 2021, the ARB affirmed and adopted the ALJ's January 29, 2021 Order. Dkt. 100-73 (the "April 26, 2021 Order"). The ARB found that the ALJ's determination and decision were "well-reasoned" and in accordance with the law, and added that the ALJ granted Plaintiff "considerable latitude" in the process. *Id.* at 2–3.

**III.   Analysis**

 A.  Legal Standards

Pursuant to 5 U.S.C. §§ 702 and 704 (the "APA"), district courts have jurisdiction to hear claims, like those advanced by Plaintiff, that a person has suffered a legal wrong due to the "final action" of an administrative agency. Pursuant to §§ 706(2)(A) and (D), after conducting such a review, a district court is to compel an agency to take an action that was unlawfully withheld or unreasonably delayed, and hold unlawful and set aside agency actions, findings and conclusions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or were taken "without observance of procedure required by law." *See Kern Cnty. Farm Bureau v. Allen*, 450 F.3d 1072, 1075–76 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

"The Supreme Court has held that the ultimate standard of review [for arbitrary or capricious final agency action] is a narrow one, noting that a court is not empowered … to substitute its judgment for that of the agency." *Nw Motorcycle Ass'n v. U.S. Dept. of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Ins. Co.*, 463 U.S. 29, 43 (1983)). The arbitrary and capricious standard is "highly deferential, presuming the agency action to be valid and requires affirming the agency action if a reasonable basis exists for its decision." *Allen*, 450 F.3d at 1076 (quoting *Indep. Acceptance Co. v. California*, 204 F.3d 1247, 1251 (9th Cir. 2000)). Further, "[a]n agency's interpretation of a statute that the agency is charged with administering is entitled to substantial deference, and an agency's interpretation of its regulations is controlling if not plainly erroneous or inconsistent with the regulations." *Sierra Club v. Babbitt*, 65 F.3d 1502, 1507 (9th Cir. 1995) (quoting *Norfolk Energy, Inc. v. Hodel*, 898 F.2d 1435, 1439 (9th Cir. 1990)). "[W]hile formal findings [of fact] are not required, the record must be sufficient to support the agency action, show that the agency has considered the relevant factors, and enable the court to review the agency's decision." *Beno*, 30 F.3d at 1074 (citing *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 744 (1985)). However, an agency's substantive findings should not be disturbed "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Fam. Inc., v. U.S.C.I.S.*, 469 F.3d 1313, 1315 (9th Cir. 2006) (quoting *Monjaraz–Munoz v. I.N.S.*, 327 F.3d 892, 895 (9th Cir.2003), *amended by* 339 F.3d 1012 (9th Cir.2003)) (emphasis in original).

"An agency's action is arbitrary and capricious if the agency fails to consider an important aspect of a problem, if the agency offers an explanation for the decision that is contrary to the evidence, if the agency's decision is so implausible that it could not be ascribed to a difference in view or be the product of agency expertise, or if the agency's decision is contrary to the governing law." *Lands Council v. Powell*, 395 F.3d 1019, 1026 (9th Cir. 2005) (first citing *Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43; then citing 5 U.S.C. § 706(2)). Thus, "[this Court's] task is simply to ensure that the agency considered the relevant factors and articulated a rational connection between the facts found and the choices made." *Cal. Wilderness Coal. v. U.S. Dept. of Energy*, 631 F.3d 1072, 1084 (9th Cir. 2011) (quoting *Nw. Ecosystem All. v. U.S. Fish & Wildlife Serv.*, 475 F.3d 1136, 1140 (9th Cir. 2007)).

APA § 706 provides that a review as to whether an agency action is arbitrary and capricious shall be based upon "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. The "whole" administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) (citation omitted). An agency's designation of the record is accorded a presumption of completeness, that the plaintiff may rebut with "clear evidence to the contrary." *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017) *cert. granted, judgment vacated on other grounds*, 583 U.S. 29 (2017) (citation omitted).

A motion for summary judgment is the appropriate mechanism for a reviewing court to decide as a matter of law whether an agency's administrative decision is supported by the administrative record. *Mussarova v. Garland*, 562 F. Supp. 3d 837, 841 (C.D. Cal. 2022) (citing *Nw Motorcycle Ass'n*, 18 F.3d at 1471–72). However, unlike typical motions for summary judgment, no additional fact-finding is required. *Nw Motorcycle Ass'n*, 18 F.3d at 1472; *see also Occidental Eng'g Co. v. I.N.S.*, 753 F.2d 766, 769–770 (9th Cir. 1985) (courts do not follow the traditional summary judgment analysis in APA cases because "there are no disputed facts that the district court must resolve."). The court's review is limited, by statute, to the administrative record as it was presented before the agency, and does not require

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

resolution of any facts in review at an administrative proceeding, or the consideration of any reasons for the agency's action which was not before the agency. *Occidental Eng'g Co.*, 753 F.2d at 769–770; *Beno*, 30 F.3d at 1073; *Nw Motorcycle Ass'n*, 18 F.3d at 1472. In APA cases, "the function of the district court is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *Mussarova*, 562 F. Supp. 3d at 841 (quoting *Cty. & Cnty. of S.F. v. United States*, 130 F.3d 873, 877 (9th Cir. 1997). Thus, the reasonableness of the ARB's final decision in this case is judged considering only the record before the ARB and not "some new record made initially in the district court" by Plaintiff. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

    B.    Application

        1.    <u>Motions for Reconsideration</u>

Plaintiff's First Motion for Reconsideration seeks to challenge the tentative view provided at a status conference held on June 6, 2022. Dkt. 88 at 1; Dkt. 96 at 3. In that status conference, the Court stated its tentative view that the only matter at issue in this action is review of ARB's final administrative decision. Dkt. 88 at 1. Plaintiff's First Motion for Reconsideration requests a jury trial, rather than a review of the administrative record. Dkt. 96 at 3. It also requests an order that the parties confer and produce a Rule 16(b)/26(f) Joint Report. *Id.* at 8–9. In its Opposition to First Motion for Reconsideration, Defendant ARB argues that the APA does not provide for a jury trial, and that review of agency action pursuant to the APA is generally limited to review of the administrative record. Dkt. 99 at 2.

The August 31 Order denying Advent's First MTD, determined that the scope and standard of review in this matter is governed by the APA and limited to the final administrative decision. *See* Dkt. 102 at 10. Plaintiff's Second Motion for Reconsideration challenges this ruling, requesting de novo review and a jury trial, the implementation of a Rule 16(b)/26(f) scheduling conference, and a response by the Court to each page of Plaintiff's opposition to the First MTD and its attached exhibits. Dkt. 106 at 5, 13.[14] Defendant ARB's Opposition to the Second Motion for Reconsideration rests on its prior briefing. Dkt. 119 at 2.

The APA does not "provide a right to a trial by jury." *W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009). Thus, regardless of Plaintiff's demand for a jury trial in his Complaint, he is not entitled to one under the APA. Further, "typically APA review of an agency decision is limited to the administrative record . . . ." *Wilson v. Comm'r of Internal Revenue*, 705 F.3d 980, 991 (9th Cir. 2013) (citing *Camp*, 411 U.S. at 142). There are limited exceptions to this rule. *Id.* For example, when the administrative record is so deficient in its explanation of the agency action that judicial review is not possible, a court may "obtain from the agency, either through affidavits or testimony, such additional reasons for the agency decision as may prove necessary." *Camp*, 411 U.S. at 143. A court may also consider matters outside of the administrative record "when it appears the agency has relied on documents or materials not included in the record." *Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982). Plaintiff has not established that either limited exception applies.

---

[14] Other relief sought, including an extension of a briefing schedule prior to the hearing on the administrative record, is now moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

As stated in the August 31 Order, there is no basis to support a determination that the APA does not apply to the review of final agency decisions made pursuant to the administrative procedures authorized by 8 U.S.C. § 1182(n). The cases cited by Plaintiff in the Second Motion for Reconsideration which discuss de novo review of factual findings are distinguishable. Dkt. 106-1 at 3–6; *see, e.g.*, *Holstad v. U.S. Dep't of Lab.*, No. 20-CV-1867 (SRN/ECW), 2021 WL 3272187, at *6 (D. Minn. July 30, 2021), *aff'd sub nom. Holstad v. United States Dep't of Lab.*, No. 21-3222, 2022 WL 2189551 (8th Cir. June 17, 2022) (agency findings of fact are afforded "essentially de novo review" for proceedings brought against federal contractors under 41 U.S.C. §§ 6506–07); *Tri-Cty. Contractors, Inc. v. Perez*, 155 F. Supp. 3d 81, 89–90 (D.D.C. 2016) (41 U.S.C. §§ 6506–07 includes specific provision which states a standard of review, "displaces the APA's ordinary standard of review for findings of fact"); *United States v. Gonzales & Gonzales Bonds & Ins. Agency, Inc.*, 728 F. Supp. 2d 1077, 1082 (N.D. Cal. 2010) (de novo review is warranted where the agency action is adjudicatory in nature and the agency factfinding procedures are deemed inadequate as a matter of law).

Plaintiff has made no basis for a claim that Section 1182(n) displaces the APA's standard of review or that the administrative procedures established pursuant to Section 1182(n) are deficient under prevailing law. *See Panwar v. Access Therapies, Inc.*, 975 F. Supp. 2d 948, 955 (S.D. Ind. 2013) (describing these procedures). None of the remaining cases cited raises any other viable theory as to why the APA does not govern this matter.

Finally, as explained at the status conference on June 6, 2022, the Order Setting Rule 16(b)/26(f) Scheduling Conference (Dkt. 75) was issued in error. Dkt. 88. That Order does not apply in cases that concern administrative review. *Id.*

Although Plaintiff seeks a line-by-line review of his materials, it is not a requirement for courts to address issues that they conclude are not material to the outcome of a motion. Nor can a party control the manner in which a court decision is prepared. Further, for the reasons already stated, only the administrative record may be considered. Thus, additional evidence cited by Plaintiff is irrelevant. The First Motion to Reconsider and Second Motion to Reconsider are **DENIED**.

        2.   <u>Motion to Compel</u>

In support of the Motion to Compel, Plaintiff argues that the entirety of the CAR was not filed. Therefore, he seeks an order compelling ARB to complete the record. Dkt. 103 at 1. In his Opening Brief, Plaintiff states that the whole and complete certified administrative record was not filed, and requests an order to "compel [ARB] to file whole and complete records relevant to plaintiff from WHD, OALJ, ARB." Dkt. 114 at 2, 5. The Opening Brief identifies the CAR filings Plaintiff believes to be deficient, and appends various documents as an exhibit as a proffered illustration of what should have been included. *Id. at* 6–11. In its Opposition, ARB argues that the Motion to Compel is another effort to seek improper de novo review beyond the CAR. Dkt. 117 at 3. However, it also states that it will review these attachments and make any additional supplement to the CAR as necessary. *Id.* at 2.

On October 31, 2022, ARB filed its Supplemental CAR. Dkt. 127 On November 7, 2022, Plaintiff filed a Supplemental Brief in response. Dkt. 132. In it, Plaintiff argues that the record is still incomplete because it does not show that OALJ or ARB "talked about the exhibits filed by the plaintiff" or "plaintiff's claims," that there is no indication in the filings of the CAR or Supplemental CAR that it is the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

"complete/entire/whole" record, and that it lacks certain records such as "notices issued by OALJ of the
orders which [ARB] claims are OALJ orders" or "proof of delivery" of these documents. Dkt. 132 at 2–4.

On November 8, 2022, ARB filed the First Shepherd Declaration, in which it is declared that the
Supplemental CAR contains documents that were inadvertently omitted from the CAR due to the
disruption of the COVID-19 pandemic and ARB's transition to a new filing system. First Shephard Decl.
¶¶ 4–9. On December 6, 2022, the Second Shepherd Declaration was filed, in which he declares:

> 7. Our office has conducted several diligent searches of the records before the [ARB] in the
> above captioned matter.
> 8. Based on those searches, I believe that the [CAR and Supplemental CAR] together constitute
> the complete and entire record that was before the ARB [in this matter].

Second Shephard Decl. ¶¶ 7–8. Plaintiff was given an opportunity to respond to this declaration, *see*
Dkt. 152, but did not do so.

As previously stated, there is a "presumption of completeness" afforded to an agency's designation of
the record. *In re United States*, 875 F.3d at 1206. Although ARB's later supplement to the record
reveals that its initial designation did not include each document submitted to the ARB, Plaintiff has not
met his burden to "put forth concrete evidence" that the CAR and Supplemental CAR together do not
constitute the complete record upon which the ARB relied in making its decision. *Pinnacle Armor, Inc.
v. United States,* 923 F. Supp. 2d 1226, 1239 (E.D. Cal. 2013) (quoting *Sara Lee Corp. v. Am. Bakers
Ass'n*, 252 F.R.D. 31, 34 (D.D.C.2008)).

In order to satisfy this burden, it is not enough simply to imply that certain documents were "in the
[agency's] possession." *Id*. Instead, "[Plaintiff] must identify reasonable, non-speculative grounds for its
belief that the documents were considered" by the decision makers involved in the determination. *Id*.
Although Plaintiff has attached to his Opening Brief numerous documents that he contends are part of
the administrative record, Plaintiff has "not identified with particularity in its motion that any of these
documents were 'directly or indirectly considered by agency decision-makers.'" *Alegre v. United States*,
No. 16-CV-2442-AJB-KSC, 2021 WL 4934982, at *4 (S.D. Cal. July 29, 2021) (quoting *Stand Up for
Cal.! v. United States Dep't of Interior*, 71 F. Supp. 3d 109, 117 (D.D.C. 2014)).

Therefore, Plaintiff's Motion to Compel is **DENIED**, and the CAR and Supplemental CAR are deemed to
be the complete administrative record upon which ARB based its decision.

3.    Motion to Protect Equality and Request for Protection

On September 9, 2022, Plaintiff filed a "Motion to Protect Plaintiff's Entitlement of Equality Before the
Law," seeking certain injunctive relief. Dkt. 108 ("Motion to Protect Equality"). On September 10, 2022,
Plaintiff filed a "Request Seeking Protection From Defendant No. 2's Threats," seeking injunctive relief
and sanctions against Advent. Dkt. 110 ("Request for Protection"). On September 20, 2022, ARB filed
an opposition to the Motion to Protect Equality. Dkt. 118 ("Opposition to Motion to Protect Equality"). On
October 7, 2022, Plaintiff filed a reply. Dkt. 120 ("Reply to Motion to Protect Equality"). On January 1,
2023, Plaintiff's Motion to Protect Equality and Request for Protection were taken under submission.
Dkt. 154.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

Plaintiff's Motion to Protect Equality appears to assert that the Court, ARB and Advent have improperly accessed, discussed and/or relied upon "plaintiff's personal information like location, nationality, race, religion, immigration status" in this matter. The basis for this position is an email in which ARB's counsel presumed that Plaintiff was located in India while attempting to arrange a telephonic conference. Dkt. 108-3. The Motion to Protect Equality seeks a response from the Court as to whether this *ex parte* communication occurred, and to enjoin such actions in the future. Dkt. 108 at 6. The additional Request for Protection contends that Advent "willfully [chose] to threaten the plaintiff via email" in response to the Motion to Protect Equality being filed and seeks "restraint" of Advent and sanctions against it. Dkt. 110 at 2–3. ARB responds that the Motion to Protect Equality should not only be denied, but stricken pursuant to Fed. R. Civ. P. 12(f) because it is based on "scurrilous and frivolous charges." Dkt. 118 at 3. In his Reply, Plaintiff states that he is asserting his right "regarding sensitive personal protected information" and again asserts that there has been *ex parte* communication. Dkt. 120 at 4, 5.

ARB's request that the Motion to Protect Equality be stricken is denied. Fed. R. Civ. P. 12(f) is limited to pleadings. *See Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) ("Under the express language of [Rule 12(f)], only pleadings are subject to motions to strike.").

Plaintiff's Motion to Protect Equality and Request for Protection, are frivolous. Frivolous filings are those that are both "[ (1) ] baseless and [ (2) ] made without a reasonable and competent inquiry." *Montrose Chem. Corp. v. Am. Motorists Ins. Co.*, 117 F.3d 1128, 1133 (9th Cir. 1997) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). To be baseless, an assertion must "completely lack[ ] a factual foundation." *Id.* (quoting *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.3d 797, 801 (9th Cir. 1986)). The evidence cited in support of the Motion to Protect Equality and Request for Protection does not provide a factual basis for Plaintiff's claims, and there is no cognizable legal theory stated. Therefore, Plaintiff's Motion to Protect Equality and Request for Protection are **DENIED**.

4.      <u>Motion for Summary Judgment and Motion to Dismiss</u>

a)      ARB's Request to Strike

Prior to the filing of the Supplemental CAR, ARB requested that specific exhibits attached to Plaintiff's Opening Brief be stricken. Dkt. 124 at 7. In support of this position, Shepherd declared that they were never shown to the ARB and, were not part of the record: Dkts. 114-1 (pages 1, 13 and 14–17), 114-4, 114-6, 114-22, 144-23, 144-24, 144-25, 144-26. Dkt. 124 at 7; First Shepherd Decl. ¶ 3. ARB has not since clarified whether any of these documents are ones that were later included in the Supplemental CAR. Therefore, the Court declines to rule on the request to strike these documents. However, the only documents considered to review the ARB's final decision are those filed as part of the CAR at Dkt. 100 and Supplemental CAR at Dkt. 127.

b)      Whether the ARB's Final Decision Was Arbitrary and Capricious

To the extent that Plaintiff challenges the sufficiency of WHD's initial investigation or any decision by the ALJ, those challenges are not proper. A district court may only review a final agency action. *See Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (stating that "finality" requires that the "action must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

mark the consummation of the agency's decision-making process"). Therefore, this Order analyzes whether the ARB's final decision in its April 26, 2021 Order was arbitrary or capricious.[15] This analysis only considers the evidence that had been presented to the ARB by the time the decision was made.

A review of the administrative record shows that the ARB's final determination to adopt and affirm the ALJ's decision to award Plaintiff back wages of $2463.97 and grant summary dismissal of Plaintiff's other claims was not arbitrary or capricious.

*First*, both ALJ Daly and ARB provided Plaintiff with several, sufficient opportunities to present evidence in support of his claims and granted Plaintiff wide latitude and flexibility to do so, given his *pro se* status. Indeed, the administrative record includes many documents that demonstrate efforts by both ARB and ALJ Daly to ensure Plaintiff understood each procedural step and had the opportunity to present evidence to support his claims. *See, e.g.*, Dkt. 100-19 (ALJ order specifying requirements for Plaintiff to file a formal complaint); Dkt. 100-24 (ALJ letter informing Advent of procedural requirements to ensure that Plaintiff understood the nature of the relief Advent sought, and that Plaintiff was provided ample opportunity to respond); Dkt. 100-54 (ARB remand order instructing ALJ to provide Plaintiff with adequate notice of the requirements for opposing a motion for summary decision and in a form easily understandable to a *pro se* party); Dkt. 100-63 (one of several letters from the Chief ALJ informing Plaintiff that he would not replace ALJ Daly and reminding him of his filing deadlines). Further, ARB's decision to reverse and remand ALJ Daly's May 17, 2019 Order gave Plaintiff a second opportunity to present arguments and evidence in support of his claims. Plaintiff failed to do so. Rather, Plaintiff failed to comply with ARB's orders to submit briefing and points and authorities, stating that he would not do so until after ARB responded to his non-dispositive requests. Dkt. 100-72 at 1.

The ARB has the authority to dismiss an action in which a prosecuting party fails to comply with the ARB's procedural orders. *See In re Matter of Steven P. Durham v. TVA*, 2011 WL 4690627, at *1 (ARB Sept. 27, 2011) (citing *Link v. Wabash*, 370 U.S. 626, 630–31 (1962)). This inherent authority includes the discretion to defer rulings on non-dispositive motions until after substantive, dispositive issues are decided. *See Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) (finding a court may proceed in a manner that is "efficient for its own docket and the fairest course of the parties"); *see, e.g.*, *Green v. Kanazawa*, No. CV 16-00054 LEK-KSC, 2018 WL 6592045 (D. Haw. July 2, 2018), *aff'd as modified*, No. CV 16-00054 LEK-KSC, 2018 WL 5621953, at *1 (D. Haw. Oct. 30, 2018) (finding judicial economy best served by deferring the ruling on a motion and staying disposition until a pending appeal was resolved). Similarly, where a dispositive issue may moot all other non-dispositive requests, judicial economy is best served by deferring rulings on those non-dispositive requests until the dispositive issue is resolved.

Although *pro se* parties should not be held to the same standards as counsel, *pro se* parties cannot unilaterally decide not to comply with filing orders and deadlines. On remand, the ALJ complied with ARB's order to provide Plaintiff additional information on how to oppose a motion for summary decision, and when the ALJ did so, Plaintiff opposed the notice. Plaintiff cannot oppose an administrative court's proper notice and order establishing deadlines for its own docket. *See Aityahia v. Mesa Airlines, Inc.*,

---

[15] In that decision, the ARB adopted the ALJ's January 29, 2021 Order. Dkt. 100-73 at 3. The ALJ's January 29, 2021 Order itself adopted "the legal analysis and conclusions reached in [the ALJ's] prior Decision and Order Granting Summary Decision" from May 17, 2019. *Id.* at 8. Therefore, the three orders collectively constitute the ARB's final decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

No. 20-72341, 2021 WL 5985577, at *1 (9th Cir. 2021) (finding ARB correctly dismissed a *pro se* employee's administrative court action because the claim was untimely filed and the *pro se* employee failed to show that equitable principles applied to toll the filing limitations period).

*Second*, there is no evidence in the record that supports setting aside any decision by the ARB. Plaintiff's apparent request that the Court reopen the administrative proceedings and make contrary findings of fact, seeks an action that is beyond this Court's authority. A court may only disturb an administrative agency's findings of fact when the evidence compels a contrary result. *Fam. Inc.*, 469 F.3d at 1315. Plaintiff has not shown that the evidence "compels" such action. Plaintiff's largely "speculative and conclusory arguments [and statements made throughout his filings] do not constitute the significantly probative evidence" that would warrant a contrary result to the ARB's findings of fact. *Nolan v. Cleland*, 686 F.2d 806, 912 (9th Cir. 1982).

With respect to Plaintiff's request for $300,000 in damages (Dkt. 1 at 6), the ALJ, after reviewing the results of WHD's investigation, found WHD's assessment that Plaintiff was owed $2463.97 in back wages to be correct. Dkt. 100-34 at 7; Dkt. 100-66 at 5-6. Plaintiff provided no evidence to the ALJ that this assessment was incorrect. *See* Dkt. 100-34 at 6. Although the calculation is not included in the record, the record does reflect that WHD calculated Plaintiff's prevailing wage by consulting NPWC, which placed Plaintiff's appropriate wage level at level three. Dkt. 100-34 at 2, 6; Dkt. 100-25 at 15–17; *see* 20 C.F.R. § 655.731(d)(1) (stating that, in its investigation of a complaint, WHD may consult ETA for its determination of the prevailing wage rate and use that determination as the basis for determining violations and calculating back wages). Plaintiff did not provide the ALJ with contrary evidence that would have shown that he should have been classified at a wage level four, as he contends. Further, even if he had submitted such evidence, the ALJ would not have the authority to contest a final wage level determination properly obtained by the WHD from the ETA as part of its investigation. *See* 20 C.F.R § 655.840(c) ("Under no circumstances shall the administrative law judge determine the validity of the wage determination or require submission into evidence or disclosure of source data or the names of establishments contacted in developing the survey which is the basis for the prevailing wage determination."). Therefore, this record does not support a contrary result.

Further, pursuant to 8 U.S.C. § 1182(n)(1)(A)(i), Plaintiff is only entitled to wages during the "period of authorized employment." The record reflects that USCIS determined Plaintiff to be unlawfully present in the United States after September 2015. Dkt. 100-23 at 3; Dkt. 127-3 at 98. Therefore, WHD only had the authority to order unpaid wages for the period of August 13, 2015 (the beginning of Plaintiff's authorized employment) and ending September 30, 2015 (when Advent's first petition was denied because of Plaintiff's unlawful status). Thus, as a matter of law, Plaintiff is not entitled to back wages from October 1, 2015 to March 15, 2017 as he alleges. Further, as ARB states in its briefing, any claim that Plaintiff was not paid for actual work performed after his period of authorized employment would be subject to the minimum wage requirement of the Fair Labor Standards Act ("FLSA") or state minimum wage laws. *See* 29 U.S.C. § 206; *Contreras v. Corinthian Vigor Ins. Brokerage, Inc.*, 25 F. Supp. 2d 1053, 1056 (N.D. Cal. 1998). Should Plaintiff wish to pursue such claims, he must file a complaint adhering to the appropriate pleading standards, rather than pursuing an administrative remedy with WHD.[16]

---

[16] No determination is made as to whether any such claim would be timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

Plaintiff does not explain what damages, other than the claim for back wages, he claims. Plaintiff argues that Advent failed publicly to post the LCA it submitted to USCIS. However, as noted, such a violation would result only in civil penalties paid to WHD, not monetary damages to Plaintiff. *See* 8 U.S.C. § 1182(n)(2)(C) (outlining the penalties for such a violation). Nor can punitive damages for emotional distress be the basis for Plaintiff's claim for relief because, as the ALJ correctly noted, H-1B provisions do not provide for such remedies. *See In re Kuanysh Batrybekov v. Barclay's Cap.,* 2014 WL 3886828, at *11 (ARB July 16, 2014). With respect to Plaintiff's health insurance claim, he failed to provide evidence that Advent failed to provide him with health insurance on the same basis as it did to similar workers who were United States citizens. Thus, a contrary result on this issue is not warranted.

With respect to Plaintiff's return travel reimbursement, as the ALJ correctly stated, pursuant to 8 C.F.R. § 214.2(h)(4)(iii)(E), Advent was required to reimburse Plaintiff for return travel costs only if Plaintiff had been dismissed from employment before the end of the period of his authorized admission. According to Advent, USCIS determined that Plaintiff was not authorized to be in this country effective September 30, 2015, at which time Plaintiff was still employed by Advent. Therefore, Plaintiff was not terminated prior to the end of the period of his authorized admission period and was not entitled to the reimbursement of any travel costs to India. There is no record evidence that warrants a different outcome on this issue.

With respect to Plaintiff's claims for retaliation, he has not presented any evidence of intimidation or threats. Pursuant to 8 U.S.C. § 1182(n)(2)(C)(iv), there must be some predicate whistleblower protected activity to establish a viable retaliation claim. Plaintiff did not allege nor provide evidence of that predicate activity to the ALJ, nor is there any evidence of such activity in the record that would warrant the reversal of the ALJ's dismissal of the retaliation claim. To the extent Plaintiff claims unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, such claims are enforced by the EEOC, not the OALJ or WHD. If Plaintiff seeks to bring such a claim, he should file it in compliance with EEOC pleading standards in the proper forum.[17]

Finally, Plaintiff's claim that ALJ Daly should have recused himself from the case is without merit. A review of the record does not show any evidence of that ALJ Daly's impartiality could be reasonably questioned. Rather, the record reflects that ALJ Daly was patient, thorough and transparent with Plaintiff. Unfavorable rulings are insufficient to prove actual bias, and the alleged legal errors Plaintiff contends ALJ Daly made would not prove bias. *In re Coleen Powers v. Paper, Allied-Indus. Chem. & Energy Workers Int'l Union (PACE)*, 2007 WL 2573632, at *10 (ARB Aug. 31, 2007). Thus, there is insufficient evidence to conclude that the ALJ's decisions to deny Plaintiff's requests to disqualify ALJ Daly was arbitrary or capricious.

Therefore, ARB's decision to uphold the ALJ's decision to dismiss Plaintiff's claims for damages exceeding $2463.97 in back wages, plus interest, determined by WHD is **AFFIRMED**.

     5.   <u>Payment of Back Wages</u>

In the Defendants' most recent joint report, Advent represents that on August 31 and September 1,

---

[17] No determination is made as to whether any such claim would require administrative exhaustion or be timely.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-06023 JAK (SSCx) | Date | June 11, 2024 |
|---|---|---|---|
| Title | Naveen K. Vudhamari v. Administrative Review Board, et al. | | |

2021, it attempted to correspond with Plaintiff to directly send him a check for back wages and interest, totaling $2838.92. Dkt. 148 at 3–4, Dkt. 149-1. Due to Plaintiff's lack of response, Advent represents that it then paid this amount directly to the WHD on September 15, 2021, pursuant to WHD's instructions for employers who are unable to locate employees. Dkt. 148 at 3–4, Dkt. 149-3. Advent states that Vudhamari may contact the Dallas-area Wage and Hour District Office to collect the wages that have been paid through the DOL, if he has not done so already. Dkt. 148 at 5. Plaintiff has not responded to the joint report. Any further efforts by Plaintiff to recover this amount shall comply with the applicable administrative process. Within 10 days of the issuance of this Order, Advent shall notify Plaintiff of the applicable regulations.

**IV.    Conclusion**

For the reasons stated in this Order, the ARB's April 26, 2021 Order is **AFFIRMED**. Advent's Motion to Dismiss and the ARB's Motion for Summary Judgment are **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. Plaintiff's First and Second Motions for Reconsideration, Motion to Compel, Motion to Protect Equality and Request for Protection are **DENIED**.

Within 14 days of the issuance of this Order, Defendants shall lodge a proposed judgment, which addresses the $2838.92 amount previously determined to be due to Plaintiff, and states in the notice whether Plaintiff has agreed to its form. If the parties have not agreed to the form of the judgment, within seven days after the proposed judgment is lodged by Defendants, Plaintiff shall file any objection(s) in accordance with the Local Rules.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | TJ |